## Commonwealth v. Messerschmidt

*Ronald J. Smolew*, for Commonwealth.
*Armin J. R. Frost*, for defendant.

BODLEY, J., June 9, 1975—This is an appeal from an overweight conviction under section 903(b) of The Vehicle Code of April 29, 1959, P. L. 58, sec. 903, as last amended by Act of November 28, 1973 (No. 120), sec. 2, 75 PS §903. Appellant urges that his appeal must be sustained, since the alleged violation should

have been pursued under section 903(c) of the code. We are obliged to agree, and do hereby find, that appellant is not guilty of the offense charged.

On November 6, 1974, appellant was driving a two-axle Ford dump truck, without a load, but pulling a three-axle flatbed trailer on which he carried mechanical equipment. As appellant was proceeding on Street Road in Lower Southampton Township, an officer pulled him over on a "routine truck stop" the purpose of which, we understand, was to check the truck's equipment for flares and the like. The officer testified that he noticed that the truck was "pulling hard" and believed that it was overweight. Upon weighing the truck *and* the trailer with its load, the gross weight was determined to be 31,700 pounds. The truck itself had a registered gross weight of 21,000 pounds and the trailer was registered at 0. Accordingly, the officer determined that the actual gross weight represented an overweight of 10,700 pounds. He thereupon cited appellant under section *903(b)* of The Vehicle Code, leading to the imposition of a fine and costs totalling $1,055 after hearing before a justice of the peace.

Subsection (b) of section 903 provides:

"No commercial motor vehicle or truck tractor having a registered gross weight shall, when operated upon a highway, have a gross weight exceeding the registered gross weight of such *commercial motor vehicle or truck tractor.*" (Emphasis supplied.)

Subsection (c), as amended, in pertinent part, provides:

"No *combination* of which a *commercial motor vehicle or truck tractor having a registered gross weight is a part* shall, when operated upon a highway, have a gross weight exceeding the sum of (1) the registered gross weight of the commercial motor vehicle or truck tractor plus (2) the registered gross weights, if

any, of the other vehicles in the combination." (Emphasis supplied.)

It is clear from the facts stated above that the alleged overweight grew out of the weighing of the total of the combination and the load upon the trailer. There was no load on the truck itself.

Pa. R. Crim. P. 52 A.1.(e) provides that "a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise defendant of the nature of the offense charged" must be included in the citation. An examination of the citation reveals that the vehicle is described as "Ford, TK. Red. CF 19001," meaning not a combination of vehicles but rather a Ford truck. Under "Remarks" upon the information appears the following: "Info. on trailer — Owner — E. Ventresca." Except for the inference which may be drawn from these words, nowhere is there an allegation that the overweight grew out of the weighing of a combination of vehicles. To the contrary, the description of the vehicle as a "Tk." (truck) together with the citation under section 903(b) clearly give notice that the violation arose from the alleged overweight upon a single vehicle.

The Commonwealth has cited two cases in support of its view that the appeal should be dismissed and appellant found guilty as charged. Each case is clearly distinguishable. Moverover, were they not, we would not feel compelled to follow their holdings. The first is Commonwealth v. Schreiber, 94 Dauph. 94 (1971). In that case, defendant was cited for violation of section 903(b), whereas the evidence revealed a violation of subsection (c). However, there the action was initiated by a complaint which referred to a "combination of vehicles." In denying the appeal, the Dauphin County court noted that appellant had been "clearly

informed . . . of the nature of the charge against him": page 98. The second case, similar in facts, is Commonwealth v. Eshelman, 56 D. & C. 2d 775 (1972). Here again, the complaint filed clearly stated a "combination of vehicles" and again the court ruled that the intent and requirements of Rule 104, now Pa. R. Crim. P. 52 A.1.(e), had been satisfied inasmuch as defendant received clear notice of the offense alleged by way of the allegations in the complaint.

As noted above, the citation issued in this case makes no reference to a combination of vehicles and we believe that, in such case, neither the letter nor spirit of Pa. R. Crim. P. 52 A.1.(e) has been followed. For other cases involving dismissal of charges by reason of the recitation of the wrong subsection of The Vehicle Code see Com. v. Mark, 18 Cumb. 80 (1968), in which a charge of speeding was pursued under section 1002(b)(9), whereas the correct section was section 1002(b)(8); and Commonwealth v. Frisco, 65 Montg. 20 (1948), in which a charge was brought under section 1002(a) instead of under the correct section, 1002(b). See also Com. v. Carroll, 18 Cumb. 81 (1968), for a similar holding.

The hearing judge has concluded that the notice requirement of Pa. R. Crim. P. 52. A.1.(e) has not been met in this instance either by way of a citation under the correct section, 903(c), or by way of a factual averment which, were we to follow the holdings in Schreiber and Eshelman, supra, could conceivably be interpreted as being in sufficient compliance with the rule

## VERDICT

And now, June 9, 1975, the appeal is sustained and appellant is found not guilty of the offense charged.